JOHN SUMMERS AND ANOTHER V. JOHN H. HANCOCK.

The sale of land, under a judgment rendered on a promissory note, for the pur-
chase-money thereof, does not vest title in the purchaser, unless the defend-
ant in the execution had title at the time of the sale, or it had been adjudicated,
that the plaintiff in the execution was entitled to the vendor's lien upon the
land.

ERROR from Fayette. Tried below before the Hon. James
H. Bell.

This was a suit by the defendant in error against the plaintiffs
in error, on a promissory note for $200, payable to the plain-
tiff.

The defence was failure of consideration, in this, that the
note sued on was given by the defendants to the plaintiff, for the
purchase-money of a lot in the town of La Grange, and that at
the time of the sale to them, there existed a vendor's lien upon

the same, which fact was known to the plaintiff, although he re-presented to them that he had a good and sufficient title; and that the lot had been sold under an execution to satisfy a judgment in favor of the party having said lien.

The facts alleged in the answer setting up this defence, showed that the plaintiff in this action, on the 22d of February, 1855, executed his three several notes, payable to W. J. Ryan, for $200 each, one of which was payable on the 1st of January, 1856; that the consideration of these notes was the sale by W. J. Ryan to him of two lots in La Grange; and that at the same time, Ryan executed to Hancock his bond to make title to the same, when the notes should be paid, which bond was duly recorded in June, 1855.; and a copy whereof, with the registration, was attached to and made a part of the answer.

The answer further alleged, that W. J. Ryan, on the day of the date of the notes payable to himself, transferred and indorsed to M. K. Ryan, the note payable as heretofore described, who instituted suit on same, on the 1st day of February, 1856; and at the Fall Term, 1856, recovered judgment against Hancock and W. J. Ryan for the amount thereof; and that on the 24th of December, 1856, to satisfy the judgment, an execution was issued and levied on the lot purchased by the defendants in this suit, (the plaintiffs in error,) from the said Hancock, it being one of the same lots purchased by Hancock from W. J. Ryan; and for a title to which Ryan had executed his bond as heretofore stated; that under that levy, a sale was made by the sheriff, and one J. W. Slayton became the purchaser; and the answer alleged, that by virtue thereof, in right of the premises stated, the title to the lot vested in the purchaser, and was superior to that held by them.

The answer of the defendants further averred, that, the purchase by them was made on the 30th of November, 1855, (the date of the note sued on,) and that by an agreement between W. J. Ryan and Hancock, a deed was made to them from the said W. J. Ryan; when, at the same time, there was a lien on the land vested in M. K. Ryan, which fact Hancock well knew.

The defendants alleged the execution and payment of another note to the plaintiff, for the same consideration, and prayed for judgment in reconvention for the amount of the same.

To this answer, the plaintiff filed a general exception, which was sustained.

It did not appear from the answer, that the execution under which the lot was sold, was issued upon a judgment or decree ordering the sale of the same, or enforcing any lien which might have existed thereon; but it was a judgment simply for the money sued for.

In this case, a jury was waived, the cause submitted to the court, and judgment rendered for the plaintiff for the amount sued for.

*W. G. Webb*, for the plaintiffs in error.

ROBERTS, J.—The court did not err in sustaining exceptions to the plea of failure of consideration; because it did not show an outstanding title in another. The vendor's lien may have existed in favor of the assignee of the original vendor; but it had not been so adjudged. This would have been necessary, under the circumstances, to have vested any right in the purchaser, Slayton.

The lots were sold under an execution against William J. Ryan and Hancock, on the judgment in favor of M. K. Ryan, after the title to the lots had been made to plaintiffs in error, Summers and Weldon, by an arrangement between the parties concerned. As neither of these defendants had a title to the lots at the time of the sale, and as there was no decree, establishing and enforcing the vendor's lien, the title remains undisturbed in Summers and Weldon. Judgment affirmed, with ten per cent. damages.

                                        Judgment affirmed.